UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


QUAR'MARDEN Q. BRAND,

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No. 3:13cv501/MCR/CJK

W. JOEL BOLES, JUDGE; et al.,

　　　　Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983, asserting various constitutional claims stemming from criminal proceedings against him in state court (doc. 1). Having carefully reviewed the complaint, the undersigned concludes that the matter should be dismissed as malicious for plaintiff's abuse of the judicial process and also because plaintiff has failed to state a claim upon which relief can be granted.

In his complaint, plaintiff names eight defendants: W. Joel Boles, Judge; John R. Dickinson, Asst. State Attorney; Jeremiah Monahan, Asst. State Attorney; Thomas Williams, Asst. State Attorney; Amanda Dosher, Public Defender; Matthew Pike, 911 Operator, Escambia County Sheriff Department; Daniel Dreddin, Deputy, Escambia County Sheriff Department; and Escambia County Jail. Plaintiff challenges his prosecution, conviction/plea, and sentence on underlying criminal charges and a probation violation. Specifically, plaintiff argues that neither the original charges nor the probation violation should have been pursued against him after the victims and/or

witnesses refused to cooperate with law enforcement; his plea to the underlying charges was coerced by prosecutors, who lied about the cooperation of the victim and witnesses; his sentence on the underlying charges was based on an incorrect score sheet; the prosecution knew the score sheet was incorrect but proceeded with his sentencing; his lawyer should not have presented him with the plea offer he ultimately accepted on the underlying charges without informing him that the victim did not appear for her deposition and should have moved to dismiss the charges based on the lack of cooperation from the victim and witnesses; sheriff's deputies offered inadmissible hearsay testimony at an evidentiary hearing on the probation violation; his conviction on the probation violation was based on insufficient evidence; and he received an improper sentence for the probation violation based on an incorrect score sheet. Plaintiff also claims the Escambia County Jail illegally detained him by prematurely placing a hold on him and allowing no bond. Plaintiff asserts claims for violation of his due process and double jeopardy rights, as well as for false imprisonment. As recompense, plaintiff seeks "the maximum amount for every day [he] has been incarcerated from 8-25-12 to 9-14-12 and 12-26-12 until [he is] release[d]." Objecting also to the jail's grooming requirements, he seeks "the max for been [sic] force[d] to cut [his] dreads."

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972).  Dismissals for failure to state a claim are governed by the same standard as FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and dismissing plaintiffs' case for failure to state a claim because plaintiffs had "not nudged their claims across the line from conceivable to plausible").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  A complaint also is subject to dismissal for failure to state a claim when the allegations—on their face—show that an affirmative defense bars recovery on the claim.  *See Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question:  "Have you initiated other actions (*besides those*

listed above in Questions (A) and (B))[1] in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1, p. 5).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes."     (*Id.*).     He disclosed one case - Case Number 5:13cv174/RS/EMT, filed in this court.  At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**"  (Doc. 1, p. 15).  Thus, in effect, plaintiff stated that, at the time he filed his complaint, he had not initiated any other action in federal court that related to the fact or manner of his incarceration.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.  In light of 28 U.S.C. § 1915(g),[2] the court must necessarily investigate

---

[1] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action.  Question (B) asked plaintiff whether he had initiated other actions in federal court dealing with the same or similar facts/issues involved in this action.  Plaintiff answered "No," to both these questions.  (Doc. 19, p. 3).

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

the prior filings of a prisoner to enforce the so-called "three strikes" provision. The information obtained from the disclosure requirements also helps the court evaluate whether the action is related to or should be considered in connection with another case or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court may take judicial notice that, at the time plaintiff filed his complaint in this case, plaintiff had initiated two other civil actions in federal court that required disclosure. On September 29, 2010, plaintiff filed a complaint in this court under 42 U.S.C. § 1983, complaining of physical force and verbal abuse by three corrections officers at the Santa Rosa County Jail. *See Brand v. Officer Hamilton, et al.*, Case No. 3:10cv377/LC/MD. The case was dismissed on December 1, 2010, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted. Plaintiff filed another § 1983 complaint on October 19, 2010, complaining about the inmate phone service at the Santa Rosa County Jail. *See Brand v. Inmate Phone Service, et* al., Case No. 3:10cv415/MCR/EMT. On February 25, 2011, the case was dismissed for plaintiff's failure to comply with an order of the court. Plaintiff did not disclose either of these federal actions in the instant complaint despite the complaint form's clear instruction to disclose actions initiated in either state or federal court "that relate to the fact or manner of your incarceration (including habeas corpus petitions)." (Doc. 1, p. 5).

---

relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff also did not amend his complaint to disclose a third case that was dismissed as malicious on June 13, 2014, as a result of plaintiff's failure to fully disclose his litigation history. *See Brand v. Puckett, et al.*, Case No. 5:13cv174/RS/EMT.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[3] (Doc. 19, p. 3). Plaintiff also was alerted to the necessity of full disclosure when the judge dismissed one of his cases for failure to fully disclose his litigation history. If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

---

[3] Plaintiff did not indicate he was unsure about his litigation history.

Although plaintiff's failure to disclose his litigation history alone provides a basis for dismissal, the undersigned finds, based on his review of plaintiff's allegations, that plaintiff also has failed to state a viable claim for relief.  With the exception of his claims against the Escambia County Jail, all of plaintiff's claims are based on matters that occurred in connection with state court prosecutions and convictions.  The *Rooker-Feldman* doctrine[4] provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quotation omitted).  In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22 (2005), the Supreme Court cautioned against broadly construing *Rooker-Feldman* and held the doctrine should be confined only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."   *Rooker-Feldman*'s reach extends to federal claims raised by the state-court loser that are deemed to be "inextricably intertwined" with the state court judgment such as (1) where the success of the federal claim would "effectively nullify" the state court judgment; and (2) where the federal claim "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotation omitted).  Plaintiff's claims regarding his state court prosecutions and convictions are barred by the *Rooker-Feldman* doctrine.

---

[4] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983).

Even if they were not barred by the *Rooker-Feldman* doctrine, plaintiff's claims against the judge and assistant state attorneys are barred by judicial and prosecutorial immunity.  Judges acting in their judicial capacity are absolutely immune from liability for damages under § 1983.  *Dennis v. Sparks*, 449 U.S. 24, 27-29, 101 S.Ct. 183, 186-87, 66 L.Ed.2d 185 (1980); *Procunier v. Navarette*, 434 U.S. 555, 561,  98 S.Ct. 855, 55 L.Ed.24 24 (1978); *see also Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).  "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity."  *Sibley*, 437 F.3d at 1070 (citing *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).  Judicial immunity is retained even if the judge conspires with other parties to bring about a deprivation of another's rights.  *Sparks*, 449 U.S. at 28-32, 101 S.Ct. at 186-88; *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (en banc).  A judge will not be deprived of immunity because the challenged action taken was in error, was done maliciously, or was in excess of the judge's authority; rather, the judge will be subject to liability only when the action was taken in the "clear absence of all jurisdiction."  *Stump v.. Sparkman*, 435 U.S. 349, 356-357, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978)  (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)); *Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996); *Dykes*, 776 F.2d at 945; *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).  The absence of jurisdiction indicates that there is no subject matter jurisdiction or that

the acts of the judge are purely private and non-judicial.  *See Conger,* 86 F.3d at 1084; *Dykes*, 776 F.2d at 948, n. 17; *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir. 1980).  Here, plaintiff's claims against Judge Boles plainly pertain to actions Judge Boles took while acting in his judicial capacity.  Such claims are barred.

Similarly, the assistant state prosecutors are entitled to absolute immunity for any allegedly unconstitutional actions performed within the scope of their roles as government advocates.  *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993)).  The initiation and pursuit of a criminal prosecution, appearances before the court, and other in-court activity are classic examples of actions taken by prosecutors in performing their roles as government advocates.  *See Rivera*, 359 F.3d at 1353; *see also Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State").  For qualifying acts, a prosecutor receives absolute immunity regardless of the prosecutor's motive or intent.  *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) ("Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously. . . .") (quotations omitted).  Because the state attorneys' alleged actions occurred in the course of their roles as advocates for the State, they are entitled to prosecutorial immunity. Plaintiff's claims against the assistant state attorneys thus also are barred.

Plaintiff's claims against Amanda Dosher fail as a matter of law because she is not a state actor.  The United States Supreme Court has held that "a public defender

does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981).  Plaintiff's claims of inadequate representation fall squarely under *Dodson* and  therefore are barred.

Plaintiff's claims against the Escambia County Jail likewise fail, as the Escambia County Jail is not a proper defendant.  The capacity to be sued in federal court is governed by the law of the state in which the district court is located.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing FED. R. CIV. P. 17(b)).  In Florida, there is no such legal entity as the "Escambia County Jail."  Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers, including a sheriff.  FLA. CONST. ART. VIII, §§ 1 (a) and (d).  However, no provision is made constitutionally or statutorily for a county jail facility as a separate legal entity, as an agency of the county, or as a corporate entity.  Nor is a county jail given authority to be sued in such a name.  *See Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983); *Shelby v. City of Atlanta*, 578 F.Supp. 1368, 1370 (N.D. Ga. 1984) (same); *Heckman v. Hall*, 2007 WL 2175919 at *3 (N.D. Fla. 2007) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office), *adopted*, 2007 WL 2428487 (N.D. Fla. 2007); *Avant v. Rice*, 1992 WL 359633 at *6 (M.D. Fla. 1992) (same); *Mayes v. Elrod*, 470 F.Supp. 1188, 1192 (N.D. Ill. 1979) (same).  For claims against a county jail, the appropriate defendant is the Sheriff in his official

capacity.  *See Mitchell v. Untreiner*, 421 F.Supp. 886, 888 (N.D. Fla. 1976) (referring to the sheriff as "the Chief Jailer" of the county jail); *Avant v. Rice, supra*.

Finally, plaintiff has failed to allege sufficient facts to state a claim for a constitutional violation against the remaining defendants, Matthew Pike and Daniel Dreddin.  In order to assert a viable claim under § 1983, a plaintiff must establish two essential elements:

> 1.  the conduct complained of was committed by a person acting under color of state law; and

> 2.   this conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  The only wrongful conduct plaintiff attributes to Pike and Daniel is offering hearsay testimony in proceedings against him.  Such conduct does not rise to the level of any constitutional violation, including the violations alleged by plaintiff in his complaint.

Accordingly, it is respectfully RECOMMENDED:

1.     That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process and under 28 U.S.C. §1915(e)(2)(B)(ii) for plaintiff's failure to state a claim upon which relief can be granted.


2.     That the Clerk be directed to close the file.


Case No. 3:13cv501/MCR/CJK

At Pensacola, Florida this 13th day of March, 2015.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).